**Brigitte Emmanuelle Alliance Nkondo MBANG, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General,[1] Respondent.**

No. 07–3073–ag.

United States Court of Appeals, Second Circuit.

March 18, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Kirk V. Wiedemer, Philadelphia, Pennsylvania, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General; M. Jocelyn Lopez Wright, Assistant Director; Rebecca Hoffberg, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Brigitte Emmanuelle Alliance Nkondo Mbang, a native and citizen of Cameroon, seeks review of a June 25, 2007 order of the BIA affirming the February 10, 2006 decision of Immigration Judge ("IJ") Michaelangelo Rocco, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Brigitte Emmanuelle Alliance Nkondo Mbang,* No. A95 375 105 (B.I.A. June 25, 2007), *aff'g* No. A95 375 105 (Immig. Ct. Buffalo Feb. 10, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005) (per curiam).

As an initial matter, we consider Mbang's due process arguments, which we review *de novo. See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We have held that to establish a violation of due process, an alien must show "that she was denied a full and fair opportunity to present her claims or that the IJ or BIA otherwise deprived her of fundamental fairness." *Burger v. Gonzales,* 498 F.3d 131, 134 (2d Cir.2007)(internal quotation marks omitted). Further, an IJ is not required to remain a passive bystander to the proceedings. *See* 8 U.S.C. § 1229a(b)(1) (providing that an "immigration judge shall administer oaths, receive evidence, and interrogate, examine, and cross-examine the alien and any witnesses"); *Islam v. Gonzales,* 469 F.3d 53, 55 (2d Cir.2006) ("[A]n IJ is not merely the fact finder and adjudicator, but also has an obligation to establish and develop the record.").

■ Here, Mbang claims that the IJ violated her right to due process by pressuring her to withdraw her application, engaging in "off-the-record discussions" about whether she had filed a frivolous application, and being "overly aggressive and hostile." As to the first two allegations, Mbang fails to explain how she was

denied a full and fair opportunity to present her claims or how the fundamental fairness of the proceedings were affected.[2] *Burger,* 498 F.3d at 134. As to the third allegation, we find nothing in the record to suggest that the IJ was biased against Mbang, prevented her from testifying, or otherwise deprived her of the right to be heard. *Cf. Islam,* 469 F.3d at 55; *Guo–Le Huang v. Gonzales,* 453 F.3d 142, 150 (2d Cir.2006).

We now turn to the agency's adverse credibility determination, which we review under the substantial evidence standard, treating it as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296 (2d Cir.2007) (en banc). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ Here, the IJ's adverse credibility finding is supported primarily by inconsistencies between Mbang's testimony and the sworn statement and documentary evidence she provided to corroborate her claims. In particular, the IJ identified two significant inconsistencies: 1) Mbang's testimony that she was arrested for the first time in November 1999 contradicted her sworn statement that her first arrest occurred in March 1998; and 2) her testimony that she was beaten, and not arrested,

---

**2.** We note that Mbang provides no examples (and we see none in the record) of how she was "pressured" to withdraw her application. Similarly, we are unable to find a due process violation with respect to the alleged "off-the-record discussions" where the IJ never made a frivolousness finding.

by police on March 10, 2000, was inconsistent with a medical record she submitted, stating that she was treated for injuries that she claimed occurred when she was "beaten in a cell following a political rally on 20–3–2000."

These inconsistencies went to the heart of Mbang's claim because they cast doubt on whether she was ever arrested or abused on account of her political activity in Cameroon. As such, they provide substantial evidence in support of the agency's adverse credibility finding. *Secaida–Rosales*, 331 F.3d at 307–08.

■ Because the only evidence of a threat to Mbang's life or freedom depended upon her credibility, the adverse credibility determination in this case is dispositive of both Mbang's asylum and withholding of removal claims, which share the same factual predicate. *Wu Biao Chen v. INS*, 344 F.3d 272, 275–76 (2d Cir.2003)(per curiam). We do not reach the agency's determination with respect to CAT relief because Mbang does not contest it in her brief to this Court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.